People of the State of Illinois, ex rel. C. Jack Przy-blinski, Appellee, v. George L. Scott, et al., Appellants.

Gen. No. 47,570.

First District, Third Division.
October 14, 1959.
Rehearing denied November 4, 1959.
Released for publication November 12, 1959.

James Piragine, of Chicago, for appellants.

Theodore J. Isaacs and Jerome F. Dixon, of Chicago, for appellee.

JUSTICE BURKE delivered the opinion of the court.

A petition was filed in the County Court of Cook County by the Chief Clerk of the Board of Election Commissioners of the City of Chicago to adjudge respondents in contempt of court for various alleged acts of misbehavior during a special congressional election held on December 31, 1957. The respondents served as judges of election on that day in the 44th Precinct of the 1st Ward. The court found each of them guilty of contempt pursuant to the provisions of Sec. 29—5 of the Election Code (Ch. 46, Sec. 29-5, Ill. Rev. Stat. 1957) and sentenced George L. Scott to serve one year in the County Jail and to pay a fine of $1,000, Norma Johnson, Willie Wheat and Willie Lee Winters each to serve three months in the County Jail and to pay a fine of $500 and Mary Evans to serve one day in the County Jail, considered to have been served. The respondents, except Mary Evans, appeal from the judgment.

█ Respondents maintain that the trial judge erred in denying their motion to disqualify himself. Petitioner states that in a series of cases beginning with People ex rel. Rusch v. Williams, 292 Ill. App. 228, it has been settled that a person charged with contempt growing out of misconduct as an election official is not entitled to a change of venue, the sole exception to the rule being where the trial judge was a candidate at the election in which the misconduct is charged. People ex rel. Rusch v. Cunningham, 308 Ill. App. 63. Respondents concede that the statutory provisions pertaining to a change of venue are not available in contempt proceedings brought to punish violations of the Election Code. Petitioner insists that the exception recognized in the Cunningham case, re-

168

quiring the judge to disqualify himself, should not be extended.

The respondents first appeared before the trial court on January 18, 1958. At that time no evidence had been taken and no hearing had been held. At this appearance the trial judge stated to the respondents, in substance: "You cause criticism of our ability to run an honest election. You make me bow my head in shame. I was elected to do a job and I am doing the very best I can. I have to depend on persons I do not know to help me and you have let me down." The trial judge addressing respondents, further stated: "You have committed a serious offense." The respondents promptly filed a petition for a change of venue reciting these statements by the trial judge. When the matter came on for argument the attorney for the respondents moved that the trial judge disqualify himself and that the case be assigned to another judge. The judge denied the motion that he disqualify himself and allow the case to be tried before another judge, saying: "I am not prejudging this matter nor have I found the respondents guilty. It may be that I may find the respondents not guilty."

In People ex rel. Rusch v. Kotwas, 275 Ill. App. 406, the court said: "In a contempt case of this kind, we think the petitioner is not required to prove the guilt of respondents beyond a reasonable doubt, but is required to produce 'most convincing evidence of the truth of the charge' before the respondents could be found guilty, the proceeding being *quasi* criminal. Oehler v. Levy, 168 Ill. App. 41." In People ex rel. Rusch v. Fusco, 327 Ill. App. 217 (Abst.) the court said: "The respondents are presumed to be innocent and the petitioner is required to produce most convincing evidence of the truth of the charges before the respondents can be found guilty." On appeal by the petitioner, the Supreme Court (397 Ill. 468, 472) said:

169

■■■■■■■■■■

"What petitioner does claim is that the Appellate Court erred in holding that respondents were presumed to be innocent. Certainly, neither the Appellate Court nor any other court would presume them to be guilty. Being a civil case the law requires them to be proved guilty by a preponderance of the evidence." In the Cunningham case (64) we said: "The fact that the legislature did not see fit to make the change of venue statute applicable does not necessarily deprive respondents of their right to have the accusation against them heard by a qualified judge."

■■ A fair trial under due process of law requires an impartial judge free from personal conviction as to the guilt or innocence of the accused. The area in which the judge should disqualify himself is not limited to cases where he was a candidate for office, as in the Cunningham case. The respondents were entitled to a trial before a judge who had not formed an opinion as to their guilt. The statement of the trial judge at the time the respondents were arraigned before him indicates that he had formed an opinion as to their guilt. The trial judge erred in declining to disqualify himself. It is unnecessary to consider the other points urged by the respondents.

The judgment of the County Court is reversed and the cause is remanded with directions to proceed in a manner consistent with the views expressed.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.