(No. 42303.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JOHN A. DAVIS, Appellant.

*Opinion filed June 29, 1970.*

GERALD W. GETTY, Public Defender, of Chicago, (LEE HETTINGER, JAMES N. GRAMENOS, and JAMES J. DOHERTY, of counsel,) for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and MICHAEL GOLDSTEIN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE WARD delivered the opinion of the court:

Following a trial before a jury in the circuit court of Cook County the defendant was found guilty of armed robbery and was sentenced to a term of 5 to 15 years. Appealing from the judgment of conviction the defendant urges three grounds for reversal: (1) the admission into evidence of identification testimony alleged to have been tainted by a pretrial identification confrontation conducted in violation of the defendant's right to counsel under the sixth amendment; (2) the court's refusal to grant the defendant a continuance unless the continuance would be on the defendant's motion, when the necessity for the continuance was caused by the action of the State; and (3) the admission into evidence of an oral confession when the State had failed to furnish the defendant a list of witnesses to the confession as required by section 114—10(a) of the Code of Criminal Procedure. (Ill. Rev. Stat. 1969, ch. 38, par. 114—10(a).) The constitutional issue presented gives this court jurisdiction on direct appeal. Ill. Rev. Stat. 1969, ch. 110A, par. 603.

On the evening of February 1, 1968, Henry Ruehl, the

owner of a grocery store in Chicago, was robbed at gun-point of $200 by two men who had placed nylon stockings over their heads to conceal identity. As the robbers were leaving the store, the owner remarked to an employee, Judy Knight, that he recognized one of the men. The employee declared that she, too, recognized the same man and that his name was Davis. Prior to this incident the owner had known Davis only by sight. He telephoned the police and reported the offense, naming Davis as one of the robbers. The police subsequently showed Ruehl a photograph of a John Davis, and Ruehl told him that it was not a picture of the man who had robbed him. Later when shown a photo-graph of John Davis, the defendant, Ruehl declared it was a photograph of the robber in question.

On February 20, 1968, the defendant was arrested under a warrant which charged him with the offense. Ruehl and Miss Knight came to the police station at the request of the police. Upon viewing the defendant, both identified him as the John Davis they knew and as one of the robbers. During this identification proceeding the de-fendant was handcuffed to a chair in a room where there were four or five officers. He was not masked. He was not told that he could have an attorney at the confrontation, and none was present.

At the hearing on the defendant's motion to suppress and at trial Ruehl and Miss Knight identified the defendant as one of the robbers. Each testified to having recognized him during the commission of the crime. They were able to do this, they said, because the stocking covering his head was very sheer and his features were clearly visible and because they had known the defendant for about a year as a regular, often daily, customer at the store. In addition, both witnesses described their identifications of the defend-ant at the police station.

The contention that the trial court erred in admitting into evidence the identification testimony of the owner and

his assistant because it was tainted by illegal identification proceedings which took place at the police station is not persuasive. Citing *United States* v. *Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926, the defendant argues that the pretrial viewing of the defendant was illegal because he was not informed of a right to have counsel present at the viewing. In *Gilbert* v. *California,* 388 U.S. 263, 272, 18 L. Ed. 2d 1178, 1186, 87 S. Ct. 1951, 1956, the Supreme Court, referring to *Wade,* stated: "We there held that a post-indictment pretrial lineup at which the accused is exhibited to identifying witnesses is a critical stage of the criminal prosecution; that police conduct of such a lineup without notice to and in the absence of his counsel denies the accused his sixth amendment right to counsel and calls in question the admissibility at trial of the in-court identifications of the accused by witnesses who attended the lineup." While the circumstances of the defendant's viewing by the witnesses called into question their in-court identifications of the defendant, the record here permits what the Supreme Court in *Gilbert* referred to as an "informed judgment" that the witnesses' identifications were based on observations independent of and uninfluenced by their viewing of the defendant at the police station. There was sufficient evidence that the defendant was known to the witnesses prior to the robbery and that despite his effort at concealment he was recognized by them at the time of the crime. Clearly the trial court considered that the identification of the defendant was based on observations of the defendant made by the witnesses independent of their having viewed him at the police station. In denying a defense motion to suppress identification testimony because of the viewing at the police station the trial court said: "The evidence did show that Mr. Ruehl has known John Davis for a year, he has seen him almost daily in his store. As soon as he walked in that night with the mask on, Mr. Ruehl knew him immediately. His assistant, Judy Knight, told Mr.

Ruehl his name was Davis. He told the police John Davis held me up, they brought him a photograph of a man named John Davis, it was not the right man. They brought him a second picture and he said, that's him. They arrested him finally and they called Mr. Ruehl down to the station * * *"
See *Gilbert* v. *California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 S. Ct. 1951; see also, *United States* v. *Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926; *People* v. *Nelson,* 40 Ill.2d 146, 151; *People* v. *Robinson,* 42 Ill.2d 371, 375; *People* v. *Blumenshine,* 42 Ill.2d 508, 512, 513.

Section 114—10 of the Code of Criminal Procedure provides, *inter alia,* that if a defendant has made an oral confession, a list of the witnesses to its making shall be furnished on the motion of the defendant. (Ill. Rev. Stat. 1969, ch. 38, par. 114—10.) In response to the defendant's written motion, filed about seven months prior to the time of trial, the State answered that the defendant had made no statement within the purview of the statute. However, on the date set for trial the State on its motion was allowed to amend its list of such witnesses. The amendment listed the names of two police officers and indicated that they had been witnesses to an "inculpatory" oral statement of the defendant which was within the purview of section 114—10. The delay in disclosing these witnesses to the defendant was caused, the State explained, by the unawareness of the assistant State's Attorney until that morning that the proposed testimony was available.

The attorney for the defendant at that time offered no objection to the State's amendment provided, as he said, that he would be given an opportunity to talk to the officers and to file a motion to suppress any inculpatory statements made by the defendant. After a brief recess was taken to permit this, the attorney objected to the amendment, declaring that he was taken by surprise. He said that he wished additional time for investigation but was hesitant to request a continuance on the defendant's motion. His re-

luctance to make the motion was based on the provisions of the so-called Four Term Act. The Act requires that a person in the custody of the State must be brought to trial within 120 days from the date of custody or be discharged, unless a "delay is occasioned by the defendant." (Ill. Rev. Stat. 1969, ch. 38, par. 103—5.) Defense counsel obviously believed that if he requested the continuance it would constitute a delay "occasioned by the defendant" and would toll the running of the 120 days. He argued to the trial court that the defendant should not be so "penalized" because of the State's failure to notify him of the oral statements until six days prior to the expiration of the 120-day period. The trial court's response was that it was disposed to grant a continuance but only upon the defendant's motion. After another recess was allowed to provide the defense an opportunity to consider what its course of action would be, the defendant proceeded to hearing on a motion to suppress without making any request for a postponement. The motion to suppress was prompted by the amendment made by the State.

The right to a continuance is not absolute; its being denied or granted is a matter within the sound discretion of the trial court. As we put it in *People* v. *Latimer*, 35 Ill.2d 178, 181, "The granting of a continuance to permit preparation for a case is a matter resting within the sound judicial discretion of the trial court, and we will not disturb the court's ruling on review unless it is shown that the discretion has been abused. (*People* v. *Wilson*, 29 Ill.2d 82; *People* v. *Clark*, 9 Ill.2d 46.)" The circumstances here are out of the ordinary in that the court did not absolutely refuse a continuance but instead refused to grant one save upon the motion of the defendant. We consider that this question, too, was within the discretion of the trial court and that here it did not abuse discretion. The defendant was given full opportunity to interview the newly disclosed witnesses. Nothing was offered in the trial court, nor here,

to show that a continuance on any terms would have benefited the defense. No prejudice to the defense was shown. The trial court did not abuse discretion in denying, in the qualified sense described, a continuance and without a showing of abuse we cannot disturb its ruling. *People* v. *Clark,* 9 Ill.2d 46, 49.

We cannot say that the trial court erred in admitting into evidence testimony of an oral confession made by the defendant, though the State originally had not informed the defense that one had been made.

The statute which requires the furnishing to the defense of the names of witnesses to an oral confession provides that the list of witnesses may be amended by the State prior to trial. (Ill. Rev. Stat. 1969, ch. 38, par. 114—10.) In disclosing the newly ascertained witnesses the prosecution was seeking to comply with the statute. No challenge was made or is made to the prosecution's explanation of its belated discovery of the statement and the witnesses. There is no suggestion that the State did not act in good faith. The defendant was provided with an opportunity to interview the newly announced witnesses. The legislative purpose of section 114—10 was discussed in *People* v. *O'Connell,* 30 Ill.2d 603. We said at page 608 that it is to "provide the accused with protection against surprise, unfairness and inadequate preparation by requiring the disclosure, prior to trial, of the specified information as to confessions and witnesses thereto." We do not consider that the legislative purpose was frustrated here by the action of the trial court. Applying much of our discussion of the preceding point of the defendant to this argument of his, we conclude that the trial court did not abuse discretion in allowing the amendment.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*