THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SYLVESTER EALEY, Defendant-Appellant.

Fifth District No. 74-426

Opinion filed November 26, 1975.—Rehearing denied March 22, 1976.

Stephen P. Hurley and Michael J. Rosborough, both of State Appellate Defender's Office, of Mt. Vernon, and Mark Hassakis, Law Student, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Clyde L. Kuehn, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Defendant, Sylvester Ealey, was indicted for murder and two counts of attempt murder arising from an incident in which one person was shot to death and two others received gunshot wounds. On June 25, 1974, defendant pled guilty to murder. The two attempt charges were dismissed. The State recommended a sentence of 99 to 100 years. Following a sentence hearing held on July 26 and August 8, 1974, the court imposed a sentence of 75 to 150 years.

The facts as adduced by the State were that in the early morning hours of the 12th of March, 1974, the defendant along with two accomplices, a Mr. Holloway and a Mr. Reynolds, kidnapped three individuals from the Blue Note Tavern parking lot, the motive being armed robbery. They took them to a secluded area where the defendant shot George Alcott, one of the three individuals who was kidnapped, with a .45 automatic. He then attempted to shoot Thomas Tarzian, the second victim, in the head, but the gun misfired. He then put Tarzian into the trunk of the car where he did in fact shoot him in the head. Ealey then left and rejoined his two accomplices who were in the second car with the third victim, Laurie Stewart. They then drove to a rendezvous where all three raped the victim. After the rape they went to Russell Avenue where the defendant got out of the car and was observed by Holloway and Reynolds, his accomplices, to take the girl into the brush off of Russell Avenue. They heard a gunshot. When the defendant came back through the weeds he was still carrying the .45 automatic with which he had shot Tarzian and Alcott. The defendant returned to the car but the victim did not. Tarzian survived the shot to his head and Alcott

survived a bullet wound in his chest. The body of Laurie Stewart was found lying in an open field in the vicinity of 4300 Russell Avenue.

Defendant, on appeal, contends that the record as a whole does not establish that he entered a voluntary and intelligent plea of guilty; that the trial court committed reversible error in depriving him of an absolute right to retain his own private counsel at the arraignment proceedings; and that in view of the age and history of the defendant and in the light of circumstances surrounding the case, the sentence imposed was excessive.

The main issue in this case is whether or not the defendant's guilty plea was entered voluntarily and intelligently. Defendant maintains that it was not. He contends that there was no basis in the record from which the trial court could have reasonably concluded that the defendant committed the offense of murder and that in entering his guilty plea he used language indicating that he was still professing his innocence and that he did not agree with the factual basis established by the State.

■■ In entering his guilty plea, in response to the court's question if he understood everything the Assistant State's Attorney said in presenting the factual basis, defendant stated:

> "Yeah, I understood everything he said, but I don't agree with all of it, as a matter of fact most of it, you know, isn't the way that it is. But this is still my choice to plead guilty."

In *North Carolina v. Alford,* 400 U.S. 25, 38, 27 L.Ed.2d 162, 172, 91 S.Ct. 160, the court said:

> "In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it."

Furthermore, defendant in the instant case states in his brief:

> "It is undisputed that in the case at bar the trial court read to the defendant that count of the indictment which charged him with the murder of Laurie Stewart and that the defendant indicated that he understood. Were this the only portion of the record on appeal which had to be relied upon to determine whether or not the defendant understood the charge in question, there would be little doubt the defendant would be precluded from now attacking the validity of his plea for the instant reason."

But defendant continued by saying:

> "However, the Illinois Supreme Court has held that whether or not a plea of guilty is knowingly and voluntarily entered *must* be decided based upon a review of the entire record." (Emphasis added.)

Defendant cites *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, for this proposition. However, this is not what the court said in *Krantz*. It said:

> "We note first the rule [402] requires that there need be only substantial, not literal, compliance with its provisions. [Citation.] Also, the entire record *may* be considered in determining whether or not there was an understanding by the accused of the nature of the charge." (Emphasis added.) (58 Ill.2d 187, 192, 317 N.E.2d 559, 562.)

There is no mandate that the reviewing court consider the whole record if it finds that the court adequately informed the defendant and made certain that he understandingly entered his plea.

The fact that the defendant denied that he had shot the deceased does not, as maintained by defendant, "clearly evince a lack of understanding of the charge." Denying that he committed the act on which the charge is based does not prevent an accused from understanding the nature of the charge when it is explained to him. Defendant admitted as much in his brief.

■■ Regardless of what the outcome of a trial might have been, the defendant chose to plead guilty. If the trial judge explains the nature of the charge and makes certain that the defendant understands the nature of the charge, that he understands the consequences of his guilty plea, that the plea was voluntarily and understandingly made free of coercion, threats, or promises that cannot be fulfilled and then finds a further basis for connecting the defendant with a specific crime to which he has pled guilty, the guilty plea must be accepted. The fact that the defendant says he is innocent while pleading guilty does not invalidate a plea of guilty if the above conditions are met.

■■ If the defendant feels that though innocent he cannot refute the testimony which will be produced by the State, and for that reason pleads guilty, this is a subjective judgment he must make and it cannot be said that acceptance of the plea is wrong if all the safeguards expressed in Rule 402 (Ill. Rev. Stat., ch. 110A, § 402) have been applied in his behalf.

In *People v. Hudson*, 7 Ill.App.3d 800, 803, 288 N.E.2d 533, 535, we said:

> "The requirement of Rule 402(c) that there be a factual basis for the plea is met when it appears on the record that there is a basis for reasonably concluding that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty. It is not necessary that it appear on the record beyond a reasonable doubt or

even by a preponderance of the evidence that the defendant committed the offense."

Continuing, we said:

> "All that is required to appear on the record is a *basis* upon which the judge could *reasonably* reach the conclusion that there is a connection between the defendant's acts and the intent with which he acted *and* the acts and intent (if any) required to constitute the offense to which the defendant is pleading guilty."

Defendant also contends that the trial court committed reversible error by appointing a public defender for the purpose of arraignment. We do not agree. In *People v. Robinson,* 18 Ill.App.3d 804, 810, 310 N.E.2d 652, 657, the court said:

> "Consistent with this broad general principle, we have held that a plea of guilty, voluntarily and understandingly made, waives all non-jurisdictional defects and errors."

The court in *Robinson* also stated:

> "A guilty plea is a break in the chain of events which precedes it in the criminal process; therefore, when a criminal defendant solemnly admits in open court that he is in fact guilty of the offense with which he is charged, he cannot thereafter raise independent claims that prior to entry of the guilty plea he was deprived of statutory or constitutional rights." 18 Ill.App.3d 804, 809-810.

■■ In view of the fact that we have held that defendant entered a knowing, intelligent and voluntary plea of guilty, it is difficult to see how his cause could have been injured by absence of his personal attorney when the initial plea of not guilty was entered.

Defendant further contends that the sentence imposed was excessive. We do not agree. As pointed out by defendant citing *People v. Carney,* 3 Ill.App.3d 24, 278 N.E.2d 484, reviewing courts do have the power to reduce sentences imposed by the trial courts. (Ill. Rev. Stat., ch. 110A, § 615(b)(4).) *Carney* also stated that the purpose in giving this power to the reviewing court is to prevent arbitrary or oppressive treatment of offenders and to provide penalties which are proportionate to the circumstances of the case and which recognize differences in rehabilitation potential of offenders. But this is not inconsistent with the statement of the court in *People v. Lipscomb,* 19 Ill.App.3d 114, 311 N.E.2d 257, cited by the State, where the court stated:

> "Taking cognizance of the lower court's superior position to make a sound determination as to sentencing, we are reluctant to interfere unless the sentence falls without the limitations set by statute or manifests a substantial departure from the spirit of our con-

stitution. [Citations omitted.] In view of the extreme brutality of this crime, we do not feel that the court below abused its discretion in sentencing defendant to a term of from 100 to 150 years for the crime of murder." 19 Ill.App.3d 114, 123, 311 N.E.2d 257, 264.

██ In view of facts adduced at the hearing on sentencing, this court is in no position to say that the trial court was arbitrary or oppressive in deciding that a sentence of 75 to 150 years was appropriate for what the trial judge described as "* * * the most coldly deliberate, senseless killing I have ever heard of in my career."

Affirmed.

EBERSPACHER and CARTER, JJ., concur.