THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS G. PIFER, Defendant-Appellant.

Second District   No. 78-534

Opinion filed December 31, 1979.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Thomas Pifer, appeals from an order of the Circuit Court of Du Page County revoking his probation and from his subsequent sentence of two years' imprisonment.

By an order entered June 7, 1976, defendant was sentenced to two years' probation after pleading guilty to unlawful possession of a controlled substance. A petition to revoke the defendant's probation was filed on September 20, 1976, alleging that defendant had been charged with leaving the scene of an accident, driving under the influence of intoxicating liquor, and damage to a highway structure. At a hearing on this petition, defendant admitted to having driven under the influence of intoxicating liquor and the court found a probation violation. Defendant was subsequently ordered to continue on probation until the original two-year term expired on June 5, 1978. The modified probation order also contained the conditions that the defendant appear before the court every three months and that the defendant obtain employment and not be unemployed through any fault on his part. This probation revocation proceeding was before Judge Fawell, who was not the judge who originally sentenced the defendant.

On March 6, 1978, pursuant to his obligation under the modified probation order, the defendant appeared before Judge Fawell. A conference took place in the judge's chambers. Probation officer Robert Kozak was present along with the defendant and the judge. However, neither defense counsel nor a court reporter was present. At this conference, Judge Fawell was informed that the defendant had been fired from his job and was no longer employed.

A petition to revoke the modified probation order was filed by the state's attorney two weeks after this conference, alleging that the defendant violated the condition of his probation which required him to remain employed. In a subsequent hearing, Judge Fawell stated that the in-chambers conference "was my basis for having the petition filed."

The defendant moved for a substitution of judge for cause pursuant to section 114—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 114—5(c) on March 21, 1978. In his accompanying affidavit, the defendant stated that at the March 6 conference "Judge Fawell said I was not a man, was unable to take care of myself, and should be sentenced to the penitentiary where I would be told where to eat, shit, etc."

On March 22, 1978, defense attorney presented the motion to Judge Fawell. After some discussion the court denied the motion, apparently on

the basis of the judge's belief that section 114—5(c) did not apply to probation revocation proceedings. Later in this same hearing, Judge Fawell stated that if the defendant would stipulate to the violation, he would "be inclined" to extend the probation period as an alternative to sending the defendant to the penitentiary.

A hearing to revoke the defendant's probation was held on April 13, 1978. The defendant admitted to the charged violation and was subsequently sentenced to two years' imprisonment. Defendant filed a "post-trial motion" seeking to withdraw his admission. This motion alleged that the court erred in denying the motion for substitution and that the admission to the petition was not free and voluntary. After a hearing on this post-trial motion at which the defendant and his probation officer testified, the motion was denied and this appeal followed.

Defendant makes two contentions on appeal: (1) that the trial court erred in denying his motion for substitution of judge for cause, and (2) that his stipulation to the probation violation was involuntary.

Section 114—5(c) of the Code of Criminal Procedure of 1963 provides that:

"  *  *  * any defendant may move at any time for substitution of judge for cause, supported by affidavit. Upon the filing of such motion the court shall conduct a hearing and determine the merits of the motion." Ill. Rev. Stat. 1977, ch. 38, par. 114—5(c).

■■ Contrary to the rulings by the trial court, a defendant in a probation revocation proceeding may obtain a substitution of judge under this provision upon a showing of actual prejudice. *People v. Reese* (1976), 37 Ill. App. 3d 820, 347 N.E.2d 451; *People v. Malone* (1976), 41 Ill. App. 3d 914, 354 N.E.2d 911; *People v. Haynes* (1974), 21 Ill. App. 3d 1, 313 N.E.2d 601.

■■■ A defendant is entitled to a fair trial before an impartial judge free from personal conviction as to the guilt or innocence of the accused. (*People v. Robinson* (1974), 18 Ill. App. 3d 804, 310 N.E.2d 652.) In *Robinson* the court noted that:

"  *  *  * it is universally held that a judge who, before hearing a criminal case expresses conviction that the accused is guilty, cannot give that accused a fair and impartial hearing, and is thereby disqualified to sit as a trial judge." (18 Ill. App. 3d 804, 807, 310 N.E.2d 652, 655.)

It is also widely recognized that the fact that a judge has granted probation does not automatically disqualify him from ruling on a petition to revoke probation. (See *People v. Malone*, and the cases cited therein.) However, in this case Judge Fawell's involvement with the defendant was not limited to his being the judge who had granted defendant probation. The allegation of a violation of the defendant's probation arose as a result

of an in-chambers conference with the defendant outside the presence of defense counsel. This was not merely a periodic court appearance as required by the order of probation, but a closed door session at which the judge was informed of an apparent probation violation based on the defendant losing his job. Indeed, the conclusion is inescapable that it was Judge Fawell who set into motion the filing of the March 20 petition to revoke probation. Under these conditions it was impossible for the judge to resume the role of an impartial decision maker, and thus he erred in failing to grant defendant's motion for substitution.

The State cites the case of *People v. Campbell* (1975), 28 Ill. App. 3d 480, 328 N.E.2d 608, for the proposition that the trial court itself is in the best position to determine whether it may be prejudiced against a defendant. We find that Campbell is clearly distinguishable, as in that case the only evidence of prejudice was that the judge had presided at a previous trial of the defendant. Here the defendant testified that the trial judge made personal attacks on his character. The substance of the judge's comments was disputed by probation officer Kozak. The failure of Judge Fawell to substitute judges left for him the determination of credibility of two versions of statements attributed to the judge himself. When a trial judge would be a material witness or would have knowledge *dehors* the record of the truth or falsity of a matter, reassignment to a different judge is warranted. *People v. Washington* (1967), 38 Ill. 2d 446, 232 N.E.2d 738.

The State also maintains that despite the trial court's summary denial of the motion for substitution, the defendant under the holding in *People v. Tucker* (1971), 3 Ill. App. 3d 273, 278 N.E.2d 141, waived any claim of error by failing to renew the motion with accompanying legal precedent. The State claims that the court below was predisposed to reconsider its ruling on the motion. This argument is not persuasive. The defendant did re-argue the merits of his substitution motion at the post-trial proceedings, citing applicable precedents. Nevertheless, the court did not modify its ruling. *People v. Tucker* is not controlling, as there the defendant failed to comply with the requirements of section 114—5(c) and thus defendant's motion could be properly denied without a hearing in that case.

Accordingly we hold that the trial court erred in denying defendant's motion for substitution of judge, and thus this cause must be reversed and remanded for further proceedings before a different judge. We also note that defendant's admissions may not be used in any renewed proceeding. Supreme Court Rule 402(f), Ill. Rev. Stat. 1977, ch. 110A, par. 402(f).

Reversed and remanded with directions.

NASH and WOODWARD, JJ., concur.