2 Ill. App.3d 411 (1971)
272 N.E.2d 293
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
HARRY EADS, Defendant-Appellant.
No. 70-22.
Illinois Appellate Court  Second District.
August 2, 1971.
*412 Morton Zwick, Director, Defender Project, of Chicago, (Ralph Reubner, and E. Roger Horsky, of Defender Project, of Elgin, of counsel,) for appellant.
William J. Cowlin, State's Attorney, of Woodstock, (Thomas F. Baker, Assistant State's Attorney, of counsel,) for the People.
Judgment affirmed.
Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
The defendant, Harry Eads, was charged by Information with the offense of Burglary. He pleaded guilty and was sentenced to serve 2-4 years in the penitentiary. His only contention on appeal is that he was improperly admonished as to the maximum sentence which could be imposed.
The defendant, age 26, was represented by the Public Defender when he first appeared before the court and waived presentment of the case to the grand jury. He was then advised by the court that the offense "carries with it punishment by way of a term in the penitentiary." Defendant entered a plea of guilty, but before the plea could be accepted the proceedings were interrupted by a disturbance in the courtroom. The court then continued the arraignment to a later date at which time defendant appeared with his private counsel who was substituted for the Public Defender. The court allowed the defendant to plead not guilty to the Information. At a later date, again represented by his private counsel, defendant withdrew his plea of not guilty. A colloquy then took place which included the following:
"MR. CULVER: Judge, with reference to the Information, I have discussed this with my client and he has indicated to me a desire to plead guilty to the said Information.
Furthermore, Judge, he wants to enter that plea today, and I have discussed the consequences of the plea with him and he fully understands the nature of the plea and the consequences thereof.
THE COURT: * * * The law says that the penalty or punishment for the charge that is incorporated in this Information is a term in the State Penitentiary of not less than one year and not more than what, Mr. State's Attorney?
MR. BAKER: Indeterminate period.
THE COURT: Indeterminate period; you understand that?
DEFENDANT EADS: Yes, sir."
*413 At a later stage in the colloquy, the court asked, "Is there anything I left out?" and defendant's counsel answered, "No, nothing further, Judge."
Defendant, through his counsel, waived a further hearing in aggravation and mitigation and consented to the entry of defendant's prior record and the immediate fixing of punishment. The State's Attorney recommended a term of 2-4 years. The court then asked whether the defendant had anything further to say and counsel responded that he had "nothing in mitigation." The court thereupon sentenced defendant to the term of 2-4 years as recommended by the State.
Defendant now argues that the admonishment did not comply with Ill. Rev. Stat. 1969, ch. 38, par. 115-2, which contains the requirement that a defendant be advised of the "maximum penalty provided by law" before his plea may be accepted. He cites People v. Terry (1969), 44 Ill.2d 38, and People v. Medley (1970), 122 Ill. App.2d 279 for his claim that advising a defendant of an "indeterminate" term does not substantially advise him of the maximum term. We think the cases are distinguishable. In Terry, the admonishment ("* * * an indeterminate term * * * for not less than one year") was the sole reference to the possible punishment found in the record, and the statement was made to a defendant who appeared pro se, with no other factors which could relate to defendant's understanding of the term "indeterminate." The case was followed under quite similar circumstances in Medley.
 1 We agree with the argument of the State that these cases do not stand for the inflexible proposition that the admonishment of a defendant as to a maximum penalty by the use of the term "indeterminate"  the very term used in several sections of the Criminal Code, including that under which defendant was charged  requires reversal without reference to the entire record. The substance of the requirement is that a defendant must understand his rights and the limits of his exposure to punishment before he may validly waive his substantial rights and enter a guilty plea; and that this understanding may not be presumed, but must clearly appear from the record. (See People v. Mackey (1965), 33 Ill.2d 436, 438.) Thus, in People v. Scott (1969), 43 Ill.2d 135, 142 an admonishment that defendant could be sentenced "for any number of years not less than one year" was held sufficient when the defendant said he understood this and was pleading guilty because he was, in fact, guilty. See also People v. Evans (1970), 45 Ill.2d 265, 268 wherein the court reaffirmed that the admonishment requirement must be read in a realistic manner to determine whether defendant thoroughly understood.
In People v. Outten (1961), 22 Ill.2d 146, 148, 149, the defendant was *414 advised that the court could determine the minimum and maximum penalties and that the penalty was "an indeterminate term of not less than two years nor more than life imprisonment." This was held to be sufficient when defendant answered that he understood, over his later claim that he did not understand the meaning of the terms "indeterminate", "minimum" or "maximum". The court stated at page 149:
"The defendant's criticism of specific words used in the court's admonition is also without foundation. The record shows that the defendant stated at the time that he understood what had been said to him and in any event an admonition is sufficient if an ordinary person in the circumstances of the accused would understand it. (People v. Flathers, 414 Ill. 486, 490; People v. Baldridge, 19 Ill.2d 616, 621; People v. Doyle, 20 Ill.2d 163, 167.)"
In a recent case, People v. Mendoza (1971), 270 N.E.2d 30, 31, 32, although the specific issue before us was not raised, the Supreme Court held that an admonishment was in general compliance with the statute. There the defendant was told as to one of the indictments (robbery), "You may be sentenced to an indeterminate term with a minimum of not less than one year." The court noted that defendant was represented by private counsel and that it appeared from the record that counsel had discussed defendant's rights with him at least in some particulars, and it was not alleged that counsel failed to advise defendant of the consequences of his guilty plea.
 2 Under the circumstances in the record, we hold that the defendant pleaded guilty with knowledge of the consequences of his plea, including the extent of his possible punishment.
In addition to the court's statements to defendant and advice from his private counsel as to the consequences of his plea, we note that defendant and counsel stood by without comment when the State's Attorney recommended a term of 2-4 years, and after that and before sentencing counsel was asked whether there was anything further to be said in mitigation and had nothing further to offer. While the latter circumstance could not remedy a defect in the admonishment, it tends to refute defendant's present claim that the record does not show advice to and response from the defendant under circumstances from which it would clearly appear that defendant understood the possible penalty. See People v. Evans, 45 Ill.2d 265, supra, at page 269.
The judgment below is affirmed.
Judgment affirmed.
ABRAHAMSON and GUILD, JJ., concur.