THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DE ELVIN CHATMAN, Defendant-Appellant.

(No. 57444; )

First District (4th Division)—September 26, 1973.

Kenneth L. Gillis, Deputy Defender, of Chicago, (Martin Carlson, Assistant Appellate Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (James S. Veldman and Douglas Cannon, Assistant State's Attorneys, and Ferdinand Minelli, Senior Law Student, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Cook County. The defendant, De Elvin Chatmon, was indicted for crimes of armed robbery and unlawful use of weapons. Following a guilty plea for the offense of armed robbery, the defendant was sentenced to a term of from two to four years in the Illinois State Penitentiary.

The sole issue presented for review is whether the trial court failed to adequately admonish the defendant as to the possible maximum sentence which he could receive prior to accepting his guilty plea.

On January 12, 1972, the defendant, De Elvin Chatmon, withdrew his plea of not guilty for the offense of armed robbery and entered a guilty plea. The defendant changed his plea subsequent to a conference between the trial judge, the prosecutor and his attorney. Prior to accepting the guilty plea, the trial judge informed the defendant of the nature of the charge against him, told him that if he entered a guilty plea he would waive his right to a trial by jury as well as his right to confront the witnesses against him. As to the sentence which could be imposed, the following exchange took place:

"COURT: Under the statute, under the indictment for armed robbery, the Court could sentence you to any indeterminate number of years from a minimum of two years to any indeterminate maximum number of years, do you understand, you understand that?

DEFENDANT: Yes, sir."

The trial court thereafter allowed the defendant to change his plea and entered a guilty plea upon which the court sentenced him to a term of from two to four years in the Illinois State Penitentiary.

The defendant contends the admonishment of the trial court as to the possible maximum sentence which he could receive was not adequately conveyed to him and, as such, it was error for the trial court to accept his guilty plea. The defendant bases this contention on Supreme Court Rule 402, which in pertinent part states:

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonition of Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

\* \* \* \*

(2) the minimum and maximum sentence prescribed by law, including when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences."

In support of this contention the defendant relies primarily on the decision in *People v. Terry*, (1969) 44 Ill.2d 38, wherein the admonition by the trial judge as to the minimum and maximum sentence which the defendant could receive was held to be insufficient. The defendant additionally relies on certain decisions which have been handed down subsequent to *People v. Terry*, wherein the trial courts' use of the words "indeterminate term" has been held to be insufficient in apprising a defendant of the minimum and maximum sentence to which he may be subjected. *People v. McCracken*, (1972) 3 Ill.App.3d 759; *People v. Short*, (1972) 4 Ill.App.3d 849.

A thorough review of the record reflects the defendant's contention that the admonition given him by the trial court prior to accepting his guilty plea was inadequate is not well taken. Testimony in the record indicates the defendant not only consented to a conference between the trial judge, his own attorney and the prosecutor after which he decided to change his plea, but also, having discussed the conference with his attorney, was addressed by the trial judge in open court as to the exact sentence he

would receive if he changed his plea, namely, two to four years in the penitentiary. In *People v. Jackson*, (1970) 47 Ill.2d 344, the Supreme Court held an admonition given the defendant by the trial court was sufficient because the defendant knew the sentence he was to receive prior to entering his guilty plea. Similarly, in the instant case when the trial court gave the defendant the formal admonishment required by Supreme Court Rule 402, it cannot be said the use of the word "indeterminate" renders the admonishment inadequate and the conviction void.

For the reason stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.