THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* SAMUEL D. ROBINSON, Petitioner-Appellant.

(No. 58530;

First District (5th Division)—January 18, 1974.

Stuart R. Cohn and Joan Levin, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Sol Rajfer, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

Indicted on a murder charge, defendant and two others were all represented by the Public Defender. Following a plea discussion among the Assistant State's Attorney, defense counsel, and the trial judge, defendant pleaded guilty, the plea was accepted, and defendant was sentenced to a term of 14 to 20 years.

Under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.*), defendant filed a *pro se* petition raising issues concerning the trial judge's participation in the plea negotiations and deprivation of effective assistance of counsel. The State moved to dismiss the petition, and, after hearing, the motion was allowed. Defendant appealed, and another division of this court reversed and remanded for an evidentiary hearing on the issues raised. *People v. Robinson*, 5 Ill.App.3d 1065, 284 N.E.2d 505.

At the evidentiary hearing, defendant was represented by new counsel. Defendant and his previous counsel, Paul Bradley, appeared as witnesses.

Bradley testified that pursuant to a discovery order, he had received a prior statement given by defendant, which in Bradley's opinion amounted to a confession. He discussed the circumstances of the arrest and initial detention with defendant and determined that there were no grounds for a motion to suppress the statement.

Believing that a successful defense was highly improbable, Bradley initiated the idea of plea negotiation, and had several discussions with his client in that regard.

With defendant's approval, Bradley discussed the possibility of a guilty plea with the Assistant State's Attorney and sought specifically a reduction of the charge. This, the State refused to do. After communicating this fact to defendant, Bradley told him that he would attempt to secure the statutory minimum sentence in further negotiations.

He then met with the Assistant State's Attorney and the trial judge in the judge's chambers to discuss a plea. The State recommended a sentence higher than the 14-year minimum under the statute. The judge, however, indicated that he would conditionally agree to accept the defense attorney's recommendation of a 14-year minimum sentence, and would impose a maximum of 20 years. Bradley informed defendant of the results of the negotiations and defendant agreed to the bargain. After appropriate admonishment from the court, defendant then changed his plea from not guilty to guilty, the plea was accepted, and defendant was sentenced, in accordance with the judge's prior indication, to a term of 14 to 20 years.

Bradley further testified that prior to defendant's decision to enter the guilty plea, he had felt that the two other defendants, whom he repre-

sented, could not receive a fair trial if they were to be tried with defendant. He believed, however, that if defendant decided to plead guilty, the need for a severance would be obviated.

Defendant's testimony corroborated that of his former attorney. He stated further, however, that prior to entering his plea of guilty, he had maintained that he did not want to plead guilty and that he wished to go to trial. When faced with the information that the same judge before whom he would be tried had already participated in plea bargaining discussions, he believed that he no longer had an effective choice in deciding whether or not to plead guilty.

At the close of the evidentiary hearing, defendant's post-conviction petition was denied. Defendant now appeals again, claiming that his plea of guilty was improperly coerced by the trial judge's participation in the plea discussion, and that he was denied effective assistance of counsel because of Bradley's alleged conflict of interest in representing both defendant and his two codefendants.

*OPINION*

■■ Defendant argues that the direct participation of the trial judge in negotiations leading to a change of plea is not consistent with constitutional standards. There is no doubt that a guilty plea is void if induced by promises that deprive it of the character of a voluntary act. (*Machibroda v. United States*, 368 U.S. 487, 495, 7 L.Ed.2d 473, 479, 82 S.Ct. 510.) Although we recognize that other courts have held the contrary, we believe that the promise of a sentence determined at plea discussions in which the trial judge participates does not per se render involuntary every guilty plea that it may induce.

■■ We fail to see the significance of the distinction urged by defendant between the procedure followed in the instant case, and judicial participation and approval after the parties, through their counsel, have reached an agreement. In both cases, a defendant is free to enter the plea of his choice after the judge has expressed his concurrence in the fairness of a particular plea and sentence or has rejected a proposed agreement. The alleged coercive effect of the judge's indicated action is for all practical purposes identical in the two situations, and is largely due to a defendant's desire for certainty of the consequences of a guilty plea as contrasted with the unknown consequences of a trial. It is inherent in any system of plea bargaining, regardless of whether the judge participates prior to agreement of counsel, and is not of such character as to render involuntary the plea which results. Thus, we reject defendant's argument that the trial judge's participation in the plea discussions is per se unconstitutional.

Defendant urges that the opinion in *People v. Brock*, 45 Ill.2d 292, 259

N.E.2d 12, foreshadows a different result, but we think otherwise. In *Brock*, the Illinois Supreme Court distinguished the case before it from a Pennsylvania case similar to the one at bar, which invalidated a guilty plea that was not in accord with the American Bar Association Standards Relating to Pleas of Guilty. Those standards provide in part: "3.3 Responsibilities of the trial judge. (a) The trial judge *should* not *participate* in plea discussions. (b) If a tentative plea agreement has been reached * * * upon request of the parties the trial judge may permit the disclosure to him of the tentative agreement and the reasons therefore in advance of the time for tender of the plea. He may then indicate to the prosecuting attorney and defense counsel whether he will concur in the proposed disposition if the information in the presentence report is consistent with the representations made to him." (Emphasis added.) The facts in *Brock* were such that the ABA Standards had in fact been followed; "the trial judge became involved only after the State's Attorney and the attorney for the defendant had reached a tentative agreement as to the sentences that would be recommended." (*People v. Brock*, 45 Ill.2d at 297-298.) The court in *Brock* did not adopt the ABA Standards; rather, it used them only to distinguish the Pennsylvania case.

Defendant argues, however, that the Illinois Supreme Court indicated it was prepared to adopt the ABA Standards, and that we should do so. We cannot agree.

Subsequent to the *Brock* decision, the Illinois Supreme Court adopted a rule on pleas of guilty. (Ill. Rev. Stat. 1971, ch. 110A, par. 402.) The ABA Standards have been followed in large measure, but they have been importantly modified as related to the case at bar. Supreme Court Rule 402(d)(1) reads as follows: "The trial judge *shall* not *initiate* plea discussions." (Emphasis added.) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(d)(1).) Each of the two changes made by the Illinois Supreme Court is instructive. The change from "should" to "shall" underlines the suggestive, rather than the mandatory, character of the ABA Standard prohibiting all judicial participation in plea discussions. In this light it is highly unlikely that the authors of the ABA Standards believed that the trial judge's participation in plea discussions is forbidden by the constitution. Even more important to our decision in this case is the change from "participate" to "initiate" which surely supports the view that our Supreme Court would not hold all judicial participation in plea bargaining unconstitutional or even improper. When a defendant learns that the trial judge has sought on his own initiative to resolve his case without benefit of trial, a defendant may well deduce that the judge has prejudged him to be guilty and that a plea of not guilty would be futile. When, on the other hand, both the State's Attorney and defense counsel

seek to reach agreement but are unable to do so without the assistance of the judge, any indication of the judge's prejudice from the mere fact of his willingness to assist in the negotiations would be negligible.

This does not preclude a finding that a plea in a particular case might be involuntary, depending on the action or statements of the judge considered on a case-by-case basis. But there is nothing in the record of the instant case to lead us to the conclusion that any ground exists for defendant's conclusion that he would be penalized were he to have rejected the agreement and exercised his right to a trial by either court or jury. He was informed by his counsel that the State had evidence amounting to a confession, that he had no defense, and that the State would not reduce the charge. In such circumstances, his plea of guilty predicated upon the trial judge's promise of the shortest minimum sentence gives no indication of having been coerced or otherwise involuntary so as to render it denial of due process.

Defendant's second contention is that he was denied effective assistance of counsel because attorney Bradley represented multiple defendants with conflicting interests. Bradley testified that it would be in the best interests of the other codefendants if all three were not tried together, and that "There was a statement on file * * * by [defendant] Robinson which would have been damaging to [his codefendants]."

■■ It is settled that codefendants have a right to separate counsel if their positions are antagonistic, but such antagonism is not necessarily present in every instance where the same attorney represents two or more codefendants merely by virtue of such representation. (*People v. Durley*, 53 Ill.2d 156, 290 N.E.2d 244.) In the instant case, in view of this defendant's confession, it was quite apparent that it would have been in the best interests of the other two defendants to be tried separately from him, but there is nothing to show that it was in the interest of the instant defendant for all three codefendants to be tried togther, or, indeed, that it was in defendant's interest to go to trial at all. Be that as it may, the question was premature, as a motion for severance would have been timely after disposition of the question of this defendant's plea.

■■ Furthermore, the record lacks even a single suggestion that defense counsel induced defendant to plead guilty for the purpose of benefiting his other clients by effecting a severance. In fact, had defendant pleaded not guilty, severance could then, and no doubt would, have been granted if the State indicated its intent to introduce this defendant's confession which implicated his codefendants. (*People v. Johnson*, 13 Ill.2d 619, 150 N.E.2d 597.) In light of defense counsel's testimony as to his belief

(which is not challenged) that the State had defendant's confession and that defendant had no defense to the murder charge, his suggestion that defendant plead guilty does not conflict with his client's best interests. Accordingly, we find that defendant was not deprived of the effective assistance of counsel.

The circuit court is affirmed in its denial of post-conviction relief.

Affirmed.

SULLIVAN, P. J., and DRUCKER, J., concur.