The People of the State of Illinois, Plaintiff-Appellee, *v.* Robert L. Rudnicki, Defendant-Appellant.

(No. 60253;

First District (4th Division)—March 12, 1975.

*Rehearing denied April 2, 1975.*

. Paul Bradley and Laurence A. Benner, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John F. Brenna, Assistant State's Attorneys, and John J. Verscaj, Law Student, of counsel), for the People.

Mr. JUSTICE BURMAN delivered the opinion of the court:

The defendant, Robert L. Rudnicki, was indicted on two counts of armed robbery, one count of rape, and two counts of deviate sexual assault. After a plea conference, requested by the defense, the defense counsel informed the court that his client wished to withdraw his previous plea of not guilty and enter a plea of guilty. After detailed admonishments, the plea was accepted by the trial court judge. The defendant was sentenced to a term of 5 to 15 years on the armed robbery and rape counts and to a term of 5 to 10 years on the deviate sexual assault counts, the sentences to run concurrently.

On appeal the defendant contends that (1) since the trial court judge only advised him that he could be sentenced on the armed robbery and rape counts to an "indeterminate" number of years as a maximum sentence, he was not adequately informed of the maximum sentence as required by Supreme Court Rule 402(a)(2). (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2)); (2) the remark by the trial court judge in advance of the plea conference that the defendant could not use an unsatisfactory result in the plea conference as a basis for a motion to substitute judges was highly improper and in effect forced him to plead guilty in a coercive atmosphere; and (3) there was no determination that a factual basis existed for the plea of guilty to Count I, alleging armed robbery of Julie Giannini, and therefore subsection (c) of Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)) was violated. In sum, the defendant seeks to vacate the judgment on all five counts of the indictment on the claim that the record does not show that his guilty plea was voluntarily entered, or in the alternative asks that his plea to Counts I, II and III be vacated since he was inadequately advised of the maximum sentence prescribed by law for those offenses and further that his plea to Count I be vacated since no factual basis was found to exist with respect to that count.

We first discuss whether the court's admonishment regarding the possible maximum sentences for armed robbery and rape was sufficient under Rule 402, the pertinent portion of which provides:

"In hearings on pleas of guilty, there must be substantial compliance with following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally

in open court, informing him of and determining that he understands the following:

\* \* \*

(2) the minimum and maximum sentence prescribed by law \* \* \*." Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2).

The record indicates that, subsequent to the plea conference in which the trial judge, the assistant State's attorney, and counsel for the defendant all participated, the latter informed the court that he had consulted with his client and advised him of his rights, particularly the right to a trial by jury, and also of the nature of the conference and of the conclusions reached. He stated that after their discussion, the defendant decided to withdraw his plea of not guilty and to plead guilty instead. The court then inquired of the defendant whether he heard his attorney request that he be permitted to plead guilty, and the defendant replied in the affirmative. The court then admonished him that by doing so he automatically waived his right to a jury trial, and he said he understood. The court began to read to him the separate counts of the indictment. In Count I he was charged with taking an amount of money from Julie L. Giannini while armed with a dangerous weapon. In Count II he was charged with taking an amount of money from John L. Giannini while armed. The court then stated:

> "Under those two charges in the indictment the Court could sentence you to any indeterminate number of years, a minimum of two years, and an indeterminate number of years as a maximum number."

The court asked whether he understood the nature of those charges and "the possible penalty the Court could sentence [him] to." He responded in the affirmative. Count III was then recited, charging the defendant with rape in that he had sexual intercourse with Julie L. Giannini by force and against her will, and the defendant indicated he understood the nature of that charge. The record then shows the following:

> "THE COURT: And you understand under the statute the Court could sentence you to any indeterminate number of years, with a minimum of four years, you understand the possible penalty under the statute?
>
> THE DEFENDANT: Yes."

The other counts of the indictment and the possible penalties upon conviction were then also related to the defendant.

The defense argues that the word "indeterminate" is defined as "not definitely or precisely determined," "vague" and "not known in advance." It therefore is asserted that where a defendant is merely advised that the

maximum sentence he could receive is "indeterminate," he is not given a realistic picture of the consequences of his plea of guilty and is not sufficiently apprised of the fact that he could be imprisoned for the rest of his life.

Primary reliance is placed on the Illinois Supreme Court decision in *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383, but we find that case pertinently dissimilar. In *Terry* the defendant appeared pro se and pleaded guilty to burglary. The only advice given by the court as to the possible sentence that could be imposed was that "* * * the punishment for burglary is an indeterminate sentence in the penitentiary. * * * Not less than one year." * * *" (44 Ill.2d 38, 39, 253 N.E.2d 383, 384.) The court held this insufficient to instruct the defendant as to the possible consequences of his plea of guilty under former Supreme Court Rule 26(3) (Ill. Rev. Stat. 1965, ch. 110, par. 101.26(3)) and section 113—4(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 113—4(c)).

■■ In the case under our consideration here, the defendant was represented by his own attorney. A conference with the court and the assistant State's attorney was requested and, after the defendant was apprised of the results of the conference, he pleaded guilty. The record also clearly shows that, after admonishing the defendant about his plea of guilty on all the charges, the trial judge asked him if he understood that there had been a conference, and that in the conference the judge had indicated that upon a plea of guilty he would be sentencing the defendant to a term of not less than 5 nor more than 15 years. The defendant acknowledged that he understood. The defendant thus knew the precise sentence he was to receive, and that was the sentence he did receive. We find that under the circumstances the trial judge substantially complied with Rule 402(a)(2).

Furthermore we note that later Illinois Supreme Court decisions highlight the limits of the *Terry* case on which the defendant relies. In *People v. Gaines*, 48 Ill.2d 191, 268 N.E.2d 426, the defendant, as Rudnicki and unlike Terry, was represented by counsel. He was admonished that upon his plea of guilty to armed robbery he could be sentenced to "an indeterminate term in the penitentiary for any number of years, and that the court could fix the minimum and maximum terms of such sentence." The court found that admonition sufficient "under all the circumstances." (48 Ill.2d 191, 193, 268 N.E.2d 426, 427.) In *People v. Mendoza*, 48 Ill.2d 371, 373, 270 N.E.2d 30, the record revealed that the defendant was informed by the court that on the indictment charging him with robbery he "may be sentenced to an indeterminate term, with a minimum of not less than one year," language virtually identical to that used in the

case at bar. Although the issue of the sufficiency of the maximum term admonition appears not to have been specifically argued, it was held that the admonition set out was in general compliance with statutory requirements. The court noted that the defendant was represented by his own counsel.

We agree fully with the appellate court's view in *People v. Eads*, 2 Ill.App.3d 411, 272 N.E.2d 293, where "indeterminate" period was also the expression used by the trial court. There it was stated that *Terry* does "not stand for the inflexible proposition that the admonishment of a defendant as to a maximum penalty by the use of the term 'indeterminate' * * * requires reversal without reference to the entire record." (2 Ill.App.3d 411, 413, 272 N.E.2d 293, 295.) The decision of this appellate court in *People v. Chatman*, 14 Ill.App.3d 807, 303 N.E.2d 470, is especially pertinent in this regard. There the trial court described the possible sentence as being "any indeterminate number of years from a minimum of two years to any indeterminate maximum number of years." In confronting the same issue on appeal as here, it was stated:

> "Testimony in the record indicates the defendant not only consented to a conference between the trial judge, his own attorney and the prosecutor after which he decided to change his plea, but also, having discussed the conference with his attorney, was addressed by the trial judge in open court as to the exact sentence he would receive if he changed his plea * * *. [W]hen the trial court gave the defendant the formal admonishment required by Supreme Court Rule 402, it cannot be said the use of the word 'indeterminate' renders the admonishment inadequate and the conviction void." (14 Ill.App.3d 807, 808-809, 303 N.E.2d 470, 471.)

Under the very similar circumstances of the case at bar, we find no reason to set aside the guilty plea on the ground alleged.

The defendant's next contention of error is based on the following statement by the court in advance of the plea conference:

> "THE COURT: All right. Mr. Rudnicki, Mr. Sheppard, your attorney, is requesting that he participate on your behalf in a conference with the State's Attorney and the Court; at such a conference certain matters about the facts in this case and historical background concerning yourself will be discussed. Some of those matters may or may not be helpful, or may or may not be harmful to you.
>
> At the conclusion of the conference Mr. Sheppard will advise you as to the results of the conference. You are not obligated to accept the results of the conference.

If you find that the results are not satisfactory you cannot use that as a basis for a motion for substitution of judges.

Do you understand everything that I have said?

THE DEFENDANT: Yes."

The defendant claims that the court's remark regarding substitution of judges was highly improper since he was in effect forced to choose between accepting whatever plea agreement would be worked out in the conference or going to trial with a judge who had already been exposed to the facts of his case and his prior background. Under these circumstances it is asserted that the defendant was forced to make his decision of whether or not to plead guilty in a coercive atmosphere.

■■ We, however, find merit in the State's responsive argument. The evident purpose of the judge's remark was to inform the defendant that he would be unsuccessful in an attempt to employ a motion for substitution of judges, after the results of the conference were disclosed, as a vehicle to allow him to "forum shop" for a judge more leniently disposed to a plea of guilty and to enable him to undergo another round of plea negotiations. The defendant and his attorney could not reasonably have read more into the judge's remark. At no time did the trial judge indicate he would refuse to allow a substitution of judges for some other reason, such as if he be found to entertain even the slightest doubt as to his ability to preside impartially in the case or believe that his impartiality could be reasonably questioned. Furthermore, we acknowledge that Supreme Court Rule 402(d)(2) (Ill. Rev. Stat. 1971, ch. 110A, par. 402 (d)(2)) provides that under circumstances where a trial judge is apprised of a tentative plea agreement between the parties and concurs in it, but later withdraws his concurrence and the defendant thereupon elects to withdraw his plea, the judge shall recuse himself. But the trial judge never indicated by his remark in advance of the agreement or otherwise that he would refuse to comply with this Rule if such circumstances arose—and they never did. The record discloses that, after the State announced it was ready for trial, the defendant by his attorney requested a conference. After the conference, the defendant acknowledged he was pleased with the results, and thereupon voluntarily pleaded guilty to the charges, further acknowledging that he was in fact guilty and that no force or threats, or promises other than the results of the conference were used to compel or force him to plead guilty. We find no merit to the argument that the judge's remark affected the defendant's decision and that therefore the guilty plea must be set aside.

The defendant's brief final contention is that no determination was made by the trial judge that a factual basis existed for the defendant's plea of guilty to the armed robbery of Julie Giannini as is required by

subsection (c) of Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)). It is argued that although Count I of the indictment alleged such a crime, the stipulated factual basis read into the record by the assistant State's attorney did not indicate that anything was actually taken from Mrs. Giannini.

The record discloses that after the plea conference and before accepting the defendant's guilty plea, the judge read aloud to the defendant each of the five counts of the indictment, including Count I, which charged "that on September 28, 1971, Robert Rudnicki committed the offense of armed robbery in the County of Cook, in that he by use of force and while armed with a dangerous weapon took an amount of U.S. currency, the exact amount unknown to said grand jurors, from the person and presence of Julie L. Giannini, in violation of the Illinois Revised Statutes." After accepting the defendant's guilty plea, and before entering judgment on it, the judge was advised by the assistant State's attorney that if called as witnesses, Julie and John Giannini would testify that on September 28, 1971, at approximately 2:30 A.M., they were accosted by the defendant as they entered their apartment. The defendant was armed with two knives and "demanded money from the Gianninis, and in fact took an undetermined amount of United States currency, approximately six dollars, from Mr. Giannini." He then forced the couple into their apartment and during the course of a 2½-hour period he forced Mrs. Giannini to engage in sexual intercourse and other deviate sexual acts. This testimony was stipulated to by defense counsel.

■■ Rule 402(c) requires only that the trial court determine that a factual basis for the guilty plea exist before entering judgment on the plea. The State is not required to prove every detail as would be the cause in a contested trial. (See *People v. Hudson*, 7 Ill.App.3d 800, 288 N.E.2d 533.) And the Rule itself does not specify any particular method of inquiry into the factual basis. Here the trial court participated in a conference with the parties and read the indictments to the defendant, including Count I, and the defendant admitted his guilt of those charges. The failure of the assistant State's attorney to state all the facts relative to Count I in briefly reciting the stipulated evidence does not amount to less than substantial compliance with Rule 402(c) when the whole record is considered.

For the foregoing reasons, the judgment of the trial court on the defendant's plea of guilty is affirmed.

Affirmed.

ADESKO and JOHNSON, JJ., concur.