THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LaVERN FOX, Defendant-Appellant.

Third District   No. 73-104

Opinion filed December 17, 1975.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (Bart Markese, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant was indicted for rape and burglary. He was represented in the circuit court by an assistant public defender, and entered pleas of not guilty. Later, the State furnished defendant a list of its prospective witnesses and copies of their statements together with a copy of a statement made by defendant to the victim. Following plea negotiations, defendant subsequently moved to withdraw his former pleas and to enter pleas of guilty. These negotiated pleas of guilty were accepted by the court on November 15, 1971, and on January 14, 1972, after a hearing in mitigation and aggravation, defendant was sentenced to the penitentiary for concurrent terms of not less than 7 nor more than 21 years for rape and of not less than 2 nor more than 5 years for the burglary. These sentences were within the terms negotiated. On August 4, 1973, defendant filed in this court a motion for leave to file late notice of appeal. That motion was allowed on September 14, 1973.

Defendant argues that the circuit court erred in accepting his guilty pleas where the record shows that the circuit court (1) failed to obtain his express and understanding waiver of the right to trial by jury, as required by section 103—6 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 103—6); (2) failed to admonish him that by such pleas of guilty he waived his right to a jury trial and to confront witnesses, as required by Supreme Court Rule 402(a)(4) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(4)); (3) failed as required by Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(2)) to explain the maximum potential sentences in any words other than the statutory language "indeterminate term"; and (4) failed to advise him that he had a right to plead not guilty, as required by Rule 402(a)(3)(Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(3)). Defendant also claims it was error for the circuit judge to have accepted his guilty pleas where the judge himself had "participated" in the plea negotiations, and that the minimum sentence imposed for burglary is in excess of the subsequently enacted but applicable provisions of the Unified Code of Corrections, effective as to appeals pending on January 1, 1973. That code provides that the minimum term imposed may not exceed one-third the maximum term.

In *People v. Krantz,* 58 Ill. 2d 187, 194-95, 317 N.E.2d 559 (1974), the supreme court stated that "Rule 402 was designed to insure properly entered pleas of guilty, not to provide for merely an incantation or ceremonial"; that the rule requires substantial and not literal compliance, and that the entire record may be considered in determining defendant's understanding of matters required for acceptance of a guilty plea. The subsequent modifications to this opinion in *People v. Wills,* 61 Ill. 2d 105, 330 N.E.2d 505 (1975) are not applicable to the case at bar.

■■■ Considering the entire record, it is plain that defendant fully understood his right to plead not guilty and to proceed to a trial where he could confront witnesses. Defendant *exercised that right* on September 2, 1971, by entering a plea of not guilty, and was present with his attorney when the anticipated trial was set for November 8, 1971. Following these proceedings, the State furnished defendant considerable discovery including a list of who the anticipated witnesses against him would be whom he would confront at a trial, with written memoranda of their statements and a copy of an oral statement made by defendant himself to the complaining witness. Confronted by this notice of the witnesses and their anticipated testimony defendant, by counsel, filed a motion to withdraw his plea of not guilty and to enter the negotiated plea of guilty. The terms of the negotiations were stated to the record by defendant's counsel. Before accepting this plea, the court advised defendant of his right to a trial by jury, and defendant answered that he understood this. The court admonished defendant that any promises made to him by anyone in exchange for his guilty plea would not be binding on the court; defendant responded that he understood this. The state's attorney recited at length what the State's evidence would show in respect to defendant's involvement in the alleged rape and burglary if a trial were to be held. Defendant answered that the factual circumstances related by the state's attorney were true. The court inquired whether any threats had been made against the defendant to induce him to change his plea to guilty; defendant answered "no." In response to the court's inquiry, defendant gave his age as 19 years. The court also described to defendant the nature of the charges against him and correctly stated the minimum and maximum penalties. Defendant answered that he understood these. Defendant expressed satisfaction with the legal representation given him by appointed counsel. It is plain the defendant fully understood and contemplated that definite sentences, hopefully within the terms negotiated, would follow upon acceptance of his pleas of guilty. *(People v. Spurbeck,* 32 Ill. App. 3d 67 (3d Dist. 1975).) The sentences imposed were within those negotiated terms.

■■ We are persuaded that the record demonstrates that defendant knowingly and expressly waived his right to trial by jury and that there was substantial compliance by the circuit court with the admonition requirements of Supreme Court Rule 402. That rule does not require the court to define words of a statute, such as "indeterminate term," where defendant expressly indicates he understands its meaning. Contrary to defendant's assertion, the issue here is whether *he* understood the court's explanation and not whether another hypothetical ordinary defendant would understand those words. *People v. Eads,* 2 Ill. App. 3d 411, 272

N.E.2d 293 (2d Dist. 1971). As stated in *People v. White,* 5 Ill. App. 3d 205, 208, 282 N.E.2d 467 (3d Dist. 1972), the record here "is barren of any evidence or procedural errors which * * * cast reflection upon the fairness of the 'bargained plea agreement'."

Defendant claims that the court's "participation" in the plea negotiations was coercive and precluded it legally from subsequent acceptance of the negotiated plea of guilty. The only reference in this record to the "court's participation" in the plea negotiations is contained in a statement by defendant's counsel at the hearing where the change of plea was made, as follows:

> "Mr. Bolden [attorney for defendant] Your Honor, if the Court please, on behalf of Laverne Fox in consultation based on the facts in this case *and I understand that the Court has indicated to the defense counsel on behalf of Laverne Fox that after a hearing in mitigation the Court will be disposed to enter a sentence of less than ten years, the minimum sentence of less than ten years."* (Emphasis added.)

After counsel's remark, the court, addressing defendant, said, "Now, do you understand that any promises made by the State's Attorney's Office or any other that they would not be binding on the court, do you understand this?" Defendant answered "yes."

■■ While Supreme Court Rule 402(d)(1) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(d)(1)) prohibits a trial judge from initiating plea discussions, Rules 402(d)(2) and (d)(3) fully contemplate a limited participation. *(People v. Robinson,* 17 Ill. App. 3d 310, 308 N.E.2d 88 (1st Dist. 1974).) The sentences imposed upon defendant were given after a hearing in mitigation and aggravation. There exists no basis, even by inference, for the claim that the circuit court's "participation" was "coercive," or that it in any manner extended beyond what is approved by Rules 402(d)(2) and (d)(3).

The final issue is whether the negotiated sentence of not less than 2 nor more than 5 years for burglary, which was warranted under the law existing at the time of the sentence, must nonetheless be modified as to the minimum requirements because of provisions in the Unified Code of Corrections effective January 1, 1973. Under these provisions (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1 (b)(3)), the maximum sentence may be any term in excess of one year not exceeding 20 years, and the minimum may not be greater than one-third the maximum term set by the court (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3)). The State in its brief concurs that under present law defendant's minimum sentence on the burglary count should be reduced to one year and eight months. *(People v. Harvey,* 53 Ill. 2d 585, 294 N.E.2d 269 (1973).) Accordingly, pursuant to provisions of Supreme Court Rule 615(b)(4) (Ill. Rev. Stat. ch. 110A, par.

615 (b)(4)), the sentence imposed for burglary is modified to a term of not less than one year and eight months, nor more than five years.

The judgment of the circuit court is affirmed as modified.

Affirmed as modified.

STOUDER and ALLOY, JJ., concur.