THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TERRY BERRY, Defendant-Appellant.

First District (4th Division)   No. 1—89—2922

Opinion filed January 28, 1993.

Michael J. Pelletier and Anna Ahronheim, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald and Penelope Gainer, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Following a jury trial, the defendant Terry Berry was convicted of aggravated criminal sexual assault and attempted robbery. He was sentenced to concurrent prison terms of 60 years for aggravated criminal sexual assault and five years for attempted robbery, to be served concurrently with a 60-year sentence from another case. The defendant contends on appeal that his motion for a substitution of judges was erroneously denied and that he was denied a fair trial based on the prosecutor's introduction of "non-identification testimony," *i.e.*, evidence that the victim failed to identify a suspect other than the defendant, as well as by improper comments made by the prosecutor during closing arguments. The defendant further contends that his conviction for attempted robbery should be vacated and that the cause should be remanded for resentencing because the court relied upon a one-year-old presentence investigation report which had been prepared in connection with a different case.

The charges in the instant cause stemmed from an attack upon the complainant, L.D., on August 11, 1986. The defendant requested a jury trial, and the cause was assigned to Judge Suria. Prior to trial, the defendant moved for a substitution of judges, alleging that Judge Suria was prejudiced against him because he had presided over a prior jury trial in which the defendant was convicted of committing an aggravated criminal sexual assault upon another complainant, A.M. The motion stated that during the previous trial Judge Suria had heard the testimony of L.D., the complainant in the case at bar, which was offered as evidence of *modus operandi*. The motion further stated that Judge Suria sentenced the defendant to a 60-year prison

term in the prior case and encouraged the State and the defense to dispose of the present case prior to trial because he did not wish to see L.D. be required to repeat her "traumatic" testimony.

A hearing on the motion was held before Judge Neville. At the hearing, defense counsel represented to the court that when Judge Suria was asked if he was prejudiced against the defendant, he responded only that "he had an idea how the jury might rule." Judge Neville ruled that the defendant did not sustain his burden of proving prejudice. He denied the motion without prejudice, stating that it could be renewed if the defendant decided to request a bench trial.

At trial, L.D. testified that she was walking to a friend's house at approximately 12 a.m. on August 11, 1986, when the defendant approached her and began asking for directions. L.D. attempted to back away from him, but he grabbed her and announced a robbery. She emptied her purse as directed, after which the defendant demanded sex. He dragged L.D. into a gangway and forced her to perform acts of oral and vaginal intercourse. L.D. testified that the area where the defendant first approached her was well lighted and that she was able to see his face. The incident lasted between 30 and 45 minutes. When it was over, L.D. ran to her friend's house and called the police. L.D. described her attacker to the police who responded as being 5 feet 8 to 5 feet 10 inches tall, weighing 175 to 180 pounds with a Gheri Curl hair style. She also described what he was wearing. After broadcasting the description, the police were informed about a possible suspect and took L.D. to view the suspect. Without objection from the defendant, L.D. testified that she did not identify the suspect as her attacker. A few days after the incident, L.D. recalled that her attacker had a mustache. She called the police and gave them this additional information.

A.M., the complainant in the defendant's previous trial, testified that just after midnight on July 24, 1986, she was robbed and sexually assaulted by the defendant. Her testimony was admitted as evidence of *modus operandi*.

On December 18, 1986, L.D., A.M. and a third woman were taken to the police station to view a lineup. L.D. and A.M. both identified the defendant as the man who attacked them; the third woman was unable to make an identification.

Officer Lundin testified that she responded to the call in the instant cause and that she had also made a police report regarding the earlier attack on A.M. In response to the prosecutor's questions, Lundin explained the procedures that occur during the shift change be-

tween the first watch, which begins at 11 p.m., and the third watch, which ends at midnight.

The defendant presented an alibi defense through the testimony of his brother and two sisters. They testified that one of the sisters was moving from one town to another in Missouri and that several family members, including the defendant, were present to help her move. The witnesses testified that the defendant did not return to Chicago until approximately 3 a.m. on August 11, 1986.

The facts underlying the defendant's claims of improprieties in closing argument and sentencing will be detailed later in connection with our discussion of those issues.

The defendant first contends that the denial of his motion for a substitution of judges constituted error. He contends on appeal that Judge Suria's statement that he had an idea how the jury might rule established that he had prejudged the case and was no longer impartial.

■ In order to warrant a substitution of judges, the defendant bears the burden of proving that the judge assigned to his case harbors actual prejudice. (*People v. Nickols* (1976), 41 Ill. App. 3d 974, 979, 354 N.E.2d 474.) To sustain this burden, the defendant must show more than the fact that the judge convicted the defendant in a previous case. (*People v. Vance* (1979), 76 Ill. 2d 171, 178, 390 N.E.2d 867.) In *Vance*, the supreme court stated that disqualifying a judge because of prejudice is not a judgment to be lightly made. Rather, the court stated that " 'something more'—a showing of animosity, hostility, ill will, or distrust towards this defendant" must be made in order to conclude that the judge harbored actual prejudice which would interfere with a fair determination of the defendant's guilt or innocence. *Vance*, 76 Ill. 2d at 181, 390 N.E.2d at 872.

■ In the case at bar, Judge Suria presided over an earlier jury trial in which the defendant was convicted of sexually assaulting A.M. The complainant in this cause, L.D., testified concerning the attack on her as a means of establishing the defendant's *modus operandi*. When asked by defense counsel in this cause whether or not he was prejudiced against the defendant, Judge Suria's only response was that he had an idea of how the jury might rule. The defendant interprets this response as an indication that Judge Suria had already determined that the defendant would be convicted and that he could accordingly no longer be impartial.

We disagree with the defendant's conclusion. Unlike the situation in *People v. Robinson* (1974), 18 Ill. App. 3d 804, 310 N.E.2d 652, cited by the defendant, the trial judge here did not express a personal

opinion prior to trial that the defendant was in fact guilty. He merely indicated, after having heard L.D.'s testimony in the previous trial, that he had an idea of how a subsequent jury might rule. We do not believe that this establishes actual prejudice toward the defendant which would interfere with a fair determination of his guilt or innocence.

■■ The defendant next contends that he was denied a fair trial as a result of the victim's testimony that she viewed a suspect at the scene and failed to identify him as the offender. In *People v. Jones* (1991), 219 Ill. App. 3d 795, 579 N.E.2d 970, *rev'd* (1992), 153 Ill. 2d 155, the court found this type of nonidentification evidence irrelevant and therefore inadmissible. On appeal, the supreme court agreed that the admission of such evidence was error, but held that it was harmless in the context of that case. *People v. Jones* (1992), 153 Ill. 2d 155.

Here, the defendant failed to object to the admission of the testimony in question either at trial or in his post-trial motion. We accordingly conclude that the matter is waived for purposes of this appeal. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124, *cert. denied* (1988), 488 U.S. 917, 102 L. Ed. 2d 263, 109 S. Ct. 274.) Moreover, even if we were to relax the waiver rule and consider this issue, we do not believe that reversal would be warranted in the case at bar. The testimony of L.D. was clear, convincing and unhesitating. She was able to view the defendant for a considerable length of time under conditions permitting a positive identification to be made. In our opinion, the nonidentification testimony neither constituted a material factor in the jury's verdict nor served to deprive the defendant of a fair trial.

■■ The defendant next contends that several remarks made by the prosecutor during closing arguments were improper and denied him a fair trial. The defendant cites as error five comments made by the prosecutor. First, the prosecutor argued that the defendant was clever because he committed the crime during a shift change when the number of police on the streets was cut in half. The defendant maintains that the comment was not a fair inference from the evidence. Second, the prosecutor stated that certain forensic tests could not be performed because the defendant evaded the police for over four months. The defendant argues that this comment was improper because it was not shown that the police were unable to preserve the evidence and because there was no evidence that the defendant was consciously avoiding arrest. Third, after summarizing the facts elicited to prove *modus operandi*, the prosecutor stated that "[t]his doesn't happen in every case." According to the defendant, this comment im-

properly invaded the province of the jury. Fourth, the prosecutor remarked that L.D. and A.M. suffered nightmares. The defendant claims that this comment was not based on the evidence and was calculated to inflame the passions of the jury. Fifth, the prosecutor commented on the failure of the defendant's relatives to inform the police of the defendant's alibi in order to have the defendant released from jail. The defendant argues that this argument was unfair because the prosecutor knew that the defendant was in custody for two other serious felonies and had no chance of being released. The defendant failed to object to any of these comments at trial.

The general rule is that an assignment of error will not be considered on appeal unless an objection was made at trial, thus allowing the trial court an opportunity to prevent or correct the error. (*People v. Hollins* (1985), 136 Ill. App. 3d 1, 9, 482 N.E.2d 1053.) "A defendant cannot ordinarily allow an improper argument to be made without objection and then assign it as error in a reviewing court in order to obtain a second trial when the error might have been prevented or corrected at the first trial." (*Hollins*, 136 Ill. App. 3d at 9, 482 N.E.2d at 1058.) The only exception to the waiver rule exists where the improprieties were so grave as to constitute plain error which had the effect of depriving the defendant of a fair trial. *Hollins*, 136 Ill. App. 3d 1, 482 N.E.2d 1053.

In our view, the alleged errors, considered either individually or cumulatively, do not rise to the level of plain error. Accordingly, the waiver rule operates to preclude our review of this issue.

■ The defendant next contends that his conviction for attempted robbery must be vacated and the cause remanded for resentencing on the aggravated criminal sexual assault conviction. The defendant argues that the attempted robbery was the aggravating factor that enhanced the crime of criminal sexual assault to aggravated criminal sexual assault. The State concedes that the attempted robbery conviction must be vacated, but argues that the defendant is not entitled to a new sentencing hearing.

A remand for resentencing is not required on the conviction which is affirmed when a separate sentence has been imposed for each offense. (*People v. Geneva* (1990), 196 Ill. App. 3d 1017, 1029, 554 N.E.2d 556.) Where there is no indication from the record that a vacated conviction had any bearing on the sentence for the affirmed conviction, it is not necessary to remand the cause for resentencing. *People v. Einstein* (1982), 106 Ill. App. 3d 526, 535, 435 N.E.2d 1257.

In the case at bar, the trial court imposed separate, concurrent sentences for attempted robbery and aggravated criminal sexual as-

sault. There is no indication in the record that the attempted robbery conviction in any way influenced the sentence for aggravated criminal sexual assault. We therefore conclude that it is not necessary to remand the cause for resentencing on this basis.

■ The defendant then offers another reason to support his contention that the cause should be remanded for resentencing. The defendant argues that the 60-year extended-term sentence in the instant cause is identical to the sentence imposed as a result of his conviction in *People v. Berry* (1991), 244 Ill. App. 3d 14. He maintains that because the evidence in the earlier case showed more egregious conduct, the court abused its discretion in imposing the same sentence in the case at bar.

There is nothing in the record to support the defendant's assertion that the sentence in this cause was based on the court's "mistaken impression" that the defendant's offense against L.D. was virtually the same as the earlier offense he committed upon A.M. The record shows that the court imposed the maximum extended-term sentence based on the defendant's criminal record and on the court's finding that he posed a danger to society. We find no abuse of discretion.

■ The defendant's final contention is that he is entitled to a new sentencing hearing because the court relied upon a one-year-old presentence investigation report which was prepared for the sentencing hearing in connection with his prior conviction for aggravated criminal sexual assault.

Section 5—3—1 of the Unified Code of Corrections provides that "[a] defendant shall not be sentenced for a felony before a written presentence report of investigation is presented to and considered by the court." (Ill. Rev. Stat. 1989, ch. 38, par. 1005—3—1.) This statutory requirement cannot be waived by either party. *People v. Youngbey* (1980), 82 Ill. 2d 556, 564, 413 N.E.2d 416.

The record shows that the court had before it the written presentence investigation report prepared approximately one year earlier in connection with the defendant's prior conviction for aggravated criminal sexual assault. The defendant was in continuous custody since that time, and defense counsel expressly stated that there was no new information to be added to the report. Under these circumstances, we do not believe that the court erred in failing to order that a new report be prepared specifically in conjunction with this case. *People v. Torres* (1986), 146 Ill. App. 3d 250, 255, 496 N.E.2d 1060.

Accordingly, the defendant's conviction and sentence for aggravated criminal sexual assault are affirmed; the conviction and sentence for attempted robbery are vacated.

Affirmed in part; vacated in part.

JOHNSON and CAHILL, JJ., concur.